UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERREL PEREZ and JANE DOE,

        Plaintiffs,

  v.                                    Case No. 23-cv-153-pp

SHAWN GUETSCHOW, CITY OF KENOSHA
and KENOSHA UNIFIED SCHOOL DISTRICT,

        Defendants.

**ORDER GRANTING DEFENDANT CITY OF KENOSHA'S UNOPPOSED MOTION TO DISMISS PLAINTIFFS' <u>MONELL</u> CLAIM AGAINST CITY OF KENOSHA AND OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT SHAWN GUETSCHOW (DKT. NO. 12), DISMISSING CITY OF KENOSHA AND DENYING PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND AMENDMENT TO SCHEDULING ORDER (DKT. NO. 25)**

      Plaintiffs Jerrel Perez and his minor daughter, plaintiff Jane Doe, bring this case against defendants City of Kenosha Police Officer Shawn Guetschow, the City of Kenosha (the City) and the Kenosha Unified School District. Dkt. No. 1. The plaintiffs allege that Guetschow, while working for the Kenosha Unified School District as a security guard at the middle school which Doe attended, used excessive force to subdue and arrest Doe when breaking up a fight between her and another student. See id. at ¶¶46-50, 56-59, 66, 71, 72.

      The plaintiffs claim in their first cause of action that Guetschow's use of excessive force on Doe violated her constitutional right to be free from unreasonable seizures. See Dkt. No. 1 at ¶¶82-87. They seek to hold Guetschow liable in his individual and official capacities. Id. at ¶6. In their

1

second cause of action they seek to hold the City of Kenosha directly liable under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978) for Guetschow's use of excessive force, arguing that the City of Kenosha Police Department should have better trained Guetschow for his employment with the Kenosha School District and should not have allowed him to work for the District because he was known to have a short temper. See id. at ¶¶88-92.

Defendant City of Kenosha moves to dismiss the complaint's second cause of action—the only claim against it. Dkt. No. 12. It argues that the complaint fails to allege facts sufficient to state a plausible Monell claim. Dkt. No. 13 at 6-16. The City argues that "[t]he claim against Guetschow in his official capacity should also be dismissed as it is merely another way to present a claim against a municipality." Dkt. No. 13 at 16 (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Though the City moves to dismiss the complaint's sole claim against it, it does not ask to be dismissed from the case.

Rather than respond to the City's motion to dismiss, the plaintiffs' attorneys filed a letter advising the court that "the plaintiffs have elected not to oppose the City of Kenosha's motion." Dkt. No. 18. They point out that the City did not ask to be dismissed as a defendant and assert that, although they agree to dismiss their sole claim against the City, the City should nonetheless "remain a defendant in this case due to the plaintiffs' allegation of its statutory duty to defend and indemnify [defendant] Guetschow." Id. (citing Wis. Stat. §895.46).

The court will grant the City's unopposed motion to dismiss the plaintiffs' Monell claim and official capacity claim against defendant Guetschow for use of excessive force. The court will also dismiss the City from this lawsuit. Section 895.46 of the Wisconsin Statutes states that if a public officer or employee, acting in his or her official capacity, is sued as an individual, and the jury finds that the officer or employee was acting within the scope of his or her employment, the state (or the political subdivision which employees the officer or employee) will pay the damages. Jackson v. Graves, No. 14-cv-1206, 2015 WL 5577527, at *4 (E.D. Wis. Sept. 22, 2015) (citing Wis. Stat. §895.46). In other words, if the plaintiff successfully sues a public officer or employee, and a jury finds that defendant to have been acting within the scope of employment, §895.46 provides for the state to pay the damages on behalf of that defendant. Id. But §895.46 does *not* allow a plaintiff such as the plaintiff here to sue the state for damages—it does not provide a private cause of action for indemnification against a municipality. Id. (citing Miller v. Mauston Sch. Dist., 222 Wis. 2d 540, 550 (Wis. Ct. App. 1998); Carlson v. Pepin County, 167 Wis. 2d 345, 356 (Wis. Ct. App. 1992) ("[Section 895.46,] which provides indemnity by the state for judgments against public employees because of acts committed within the scope of their employment, does not permit a tort victim to sue the state directly"). With the dismissal of the Monell claim, the plaintiffs have no claims remaining against the City. Because the City need not remain a defendant merely because it someday may be required to indemnify defendant Guetschow, the court will dismiss the City as a defendant.

3

The plaintiffs filed a letter requesting a status conference to amend the scheduling order. Dkt. No. 25. They indicate that the current scheduling order does not provide them sufficient time to conduct their remaining depositions. <u>Id.</u> They also indicate that the defendants do not object to amending the scheduling order. <u>Id.</u> Rather than hold a status conference to address this issue, the court asks the parties to try to agree on new deadlines for an amended scheduling order. If the parties can agree to new deadlines, they may file a stipulation by the deadline the court sets below and the court will enter an amended scheduling order adopting those deadlines.

The court **GRANTS** defendant City of Kenosha's motion to dismiss the plaintiffs' <u>Monell</u> claim against the City of Kenosha and official capacity claim against defendant Guetschow. Dkt. No. 12.

The court **ORDERS** that defendant City of Kenosha is **DIMISSED**.

The court **DENIES** the plaintiffs' letter request to schedule a status conference. Dkt. No. 25. The court **ORDERS** that the parties must try to agree on new deadlines without the court's input in time to file a stipulation by the end of the day on **October 20, 2023**. If the parties cannot agree on new deadlines, they may seek assistance from the court.

Dated in Milwaukee, Wisconsin this 3rd day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:23-cv-00153-PP    Filed 10/03/23    Page 4 of 4    Document 26